UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                              Criminal Action No. 3:21cr145

JIHAD SHAHEED UHURU,

    Defendant.

### MEMORANDUM OPINION

This matter is before the Court on a document erroneously titled MOTION FOR RELEASE PENDING APPEAL (ECF No. 57)[1] filed by the Defendant Jihad Shaheed Uhuru (a.k.a. Michael F. Crosby). For the reasons stated below, the Court denied the Motion on December 13, 2022. ECF No. 64.

### BACKGROUND AND PROCEDURAL HISTORY

On December 7, 2021, Uhuru was charged with three counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), three counts of distribution of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). See ECF No. 1. He was arrested on December 20, 2021, ECF No. 5, and in a detention hearing and arraignment conducted the next day, the

---

[1] The document will sometimes be referred to as "MOTION FOR RELEASE PENDING SENTENCING OR RESOLUTION OF THE MOTION TO WITHDRAW HIS GUILTY PLEA."

Magistrate Judge found that detention was appropriate because Uhuru (1) was subject to a lengthy period of incarceration if convicted; (2) had a serious prior criminal history; (3) had participated in criminal activity while on probation, parole, or supervision; (4) has a history of alcohol and substance abuse; (5) had previously failed to appear in court as ordered; (6) had previously violated probation, parole, or supervised release; and (7) has previously failed to follow court orders for registration while on state supervision. ECF No. 12.

On February 18, 2022, Uhuru pled guilty to one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and sentencing was scheduled for May 19, 2022. See ECF No. 15. Also, on February 18, 2022, the Magistrate Judge submitted a Report and Recommendation reciting that Uhuru had entered a plea of guilty and recommended that the Court accept the plea. ECF No. 20. On March 9, 2022, the Court adopted the Report and Recommendation of the Magistrate Judge and adjudged Uhuru guilty of Count ONE. ECF No. 21.

On May 11, 2022, Uhuru's counsel, Laura Koenig, filed a Motion to Withdraw as Attorney (ECF No. 24), citing a significant deterioration in the "trust needed to maintain a viable attorney-client relationship" and Uhuru's suggestion that he may allege that he received ineffective assistance of counsel

2

from Koenig. ECF No. 24 ¶¶ 6-7. After conflicting requests from Uhuru, the Court eventually granted ECF No. 24 and continued the sentencing hearing pending the appointment of new counsel. ECF No. 36. On June 7, 2022, the clerk appointed Reginald Barley to represent Uhuru, but three days later on June 10, 2022, he too filed a Motion to Withdraw as Attorney (ECF No. 37), citing "a total and irreconcilable breakdown in communications." ECF No. 39 ¶ 3. After holding a hearing on June 16, 2022, the Court granted ECF No. 41. The clerk appointed Gregory Sheldon to represent Uhuru. After a conference call with the parties, the Court ordered that, by August 12, 2022, Uhuru either file a Motion to Withdraw his Guilty Plea or file a Statement of Position for sentencing, and the sentencing hearing was set for August 18, 2022. ECF No. 44.

On August 17, 2022, Uhuru, acting pro se, filed a MOTION TO WITHDRAW GUILTY PLEA (ECF Nos. 45 and 47) ("Plea Withdrawal Motion") against his attorney's recommendation. At an evidentiary hearing, the Court heard testimony from Koenig and Uhuru on the Plea Withdrawal Motion on October 5, 2022. ECF No. 55. Following the hearing, the Court ordered further briefing on the following topics: (1) whether Uhuru had taken medication that rendered him incompetent to enter a knowing and voluntary plea of guilty on February 18, 2022; (2) whether Koenig had

instructed Uhuru to lie about the medications he was taking; and (3) whether the defense of entrapment was available to Uhuru and to what extent Uhuru discussed that potential defense with Koenig and shared with her the information that would constitute the basis for the defense. ECF No. 56. Oral argument on the Plea Withdrawal Motion is scheduled for January 11, 2023, at 10:00 AM, if argument is needed.

Then, on October 11, 2022, Uhuru filed the MOTION FOR RELEASE PENDING APPEAL (ECF No. 57) pro se. On October 14, 2022, the Court ordered Sheldon to file a supplemental brief, ECF No. 58, which was filed with the Court on October 23, 2022. ECF No. 60. The Government filed its response on November 7, 2022. ECF No. 62. Uhuru did not file a reply.

*Offense Conduct*

The agreed upon facts, as delineated in the Statement of Facts (ECF No. 17), that led to Uhuru's guilty plea are as follows.

During June and July of 2021, a confidential informant working for law enforcement purchased a total of 27.9 grams of cocaine base, 28.33 grams of crack cocaine, 62.51 grams of cocaine hydrochloride, and two semiautomatic pistols from Uhuru over 5 separate occasions. ECF No. 17 ¶¶ 2-6. "The actions of

4

[Uhuru] were in respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason." Id. ¶ 9.

*Motion for Release*

Uhuru seeks release pending resolution of his Plea Withdrawal Motion because he argues that he does not pose a danger to any person or the community. ECF No. 57 at 4. Further, Uhuru contends that he had a job prior to his incarceration and has extensive community ties, so he is not a flight risk. Id. Uhuru contends that, if released, he would be supported by his daughter who is a probation and parole officer in Chesterfield County and that he could live with his mother who is "elderly and sickly." Id. Uhuru also argues that he has asserted his legal innocence and shown he can comply with release provisions as he was previously out on release with an ankle monitor. Id.

Sheldon supplements Uhuru's Motion by offering that under 18 U.S.C. § 3142(a)(2)(A)(i), Uhuru should be released because there is a substantial likelihood that he will be allowed to withdraw his guilty plea and receive a new trial. ECF No. 60 at 4. Sheldon argues that, under the Moore factors, Uhuru will be permitted to withdraw his plea because: (1) he was under the influence of medications during his plea colloquy that "rendered him unable to understand the proceedings;" (2) the plea was

5

neither knowing nor voluntary because he was unaware he could raise the defense of entrapment; (3) Uhuru asserted his legal innocence by showing he was entrapped by a government agent; and (4) he did not receive effective assistance of counsel because Koenig failed to advise him of the potential entrapment defense.[2] Id. at 5-6; see United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (providing six factors a court should consider when deciding whether there is a fair and just reason to withdraw a guilty plea).

Uhuru's current counsel also argues that Uhuru should be released because an exceptional reason exists that makes his detention inappropriate under 18 U.S.C. § 3145(c). ECF No. 60 at 7. Uhuru suffers from degenerative joint disorder[3] and reports that he is in "a tremendous amount of pain and the medical staff won't help me." Id. at 8. Uhuru asserts that he needs surgery to relieve his pain but that Pamunkey Regional Jail will not allow him to undergo surgery. Id. Counsel also contends that, if released, Uhuru is not likely to flee or pose a danger because

---

[2] Sheldon recognizes that while these three Moore factors lean in favor of allowing Uhuru to withdraw his guilty plea, the other three factors—length of delay, prejudice to the Government, and waste of judicial resources—do not suggest he should withdraw his plea.

[3] A Google search of this term revealed that this is also referred to as Osteoarthritis.

6

"he has strong ties to the Richmond area," "his mother and/or daughter are willing to serve as third party custodians for him, should he be released," and there are terms of release that will ensure the community's safety. Id. at 9-10.

### Government's Response

In response, the Government first contends that there is no substantial likelihood that he will be acquitted or that a new trial will be granted because there is sufficient evidence to support a conviction and, even if he withdrew his guilty plea, he would still be subject to the presumption of incarceration pending trial pursuant to 18 U.S.C. § 3142(e)(3) because he is charged with a serious drug trafficking crime. ECF No. 62 at 7. The Government contends that Uhuru would be unable to rebut this presumption of detention because he "committed the instant offenses while serving an active term of supervised probation," has a history of non-compliance with the terms of probation, and has previously been convicted of failure to appear. Id. at 8. Thus, the Government contends that "there is no basis to conclude that any terms or conditions set by this Court would ensure that [Uhuru] appears or the safety of the community." Id. Lastly, the Government argues that Uhuru cannot claim that his

7

degenerative joint condition is an exceptional circumstance that would warrant release because he did not previously seek medical attention for that condition. Id.

## DISCUSSION

Uhuru was detained pending sentencing pursuant to 18 U.S.C. § 3142(f)(1)(C) because the Magistrate Judge determined that there was clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. ECF No. 12. "If a person is ordered detained by a magistrate judge . . ., the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). Accordingly, there are two grounds on which the Court could grant the release of Uhuru pending the hearing for his motion to withdraw his guilty plea: (1) Under 18 U.S.C. § 3143(a)(2)(A)(i) if there is "there is a substantial likelihood that a motion for acquittal or new trial will be granted"; or (2) under 18 U.S.C. § 3145(c) if "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."[4] Each ground is addressed in turn.

---

[4] Uhuru could also be released under 18 U.S.C. § 3143(a)(2)(A)(ii) if "an attorney for the Government has

## I. Release for Substantial Likelihood of New Trial

Under 18 U.S.C. § 3143(a)(2)(A)(i), a defendant who has been found guilty of certain enumerated offenses, including the offense for which Uhuru is convicted under, can be released pending sentencing if two conditions are met: (1) "there is a substantial likelihood that a motion for acquittal or new trial will be granted" and (2) there is "clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." Here, Uhuru asserts that he is entitled to withdraw his guilty plea and thus is entitled to a trial because his guilty plea was not entered both knowingly and voluntarily and he is legally innocent because he was induced to sell drugs through entrapment. ECF No. 47. So, it follows that for the first facet of the test, Uhuru must show that there is a substantial likelihood that the Court will grant his motion to withdraw his guilty plea under the six-factor test from United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

### a. Likelihood of New Trial

Under Moore, a court looks at the following six factors to determine if a defendant has presented a "fair and just reason"

---

recommended that no sentence of imprisonment be imposed on the person." However, this provision does not apply because the Government is not asking for a sentence of no imprisonment, nor does Uhuru argue that this is true. See ECF No. 60 at 3 n.1; ECF No. 62 at 7 n.1.

9

to withdraw his plea of guilty: (1) credible evidence the plea was not knowing or voluntary; (2) legal innocence; (3) delay; (4) competent assistance of counsel; (5) prejudice to the government; and (6) inconvenience to the court and waste of judicial resources. 931 F.2d at 248. The Court is currently awaiting further briefing on the issue of whether Uhuru has presented a fair and just reason to withdraw his plea because the original papers and testimony on the subject did not provide enough information and analysis for the Court to make a decision either way. ECF No. 56. Accordingly, it is not possible or fair for the Court to make a finding whether there is a substantial likelihood that Uhuru will be granted a new trial for the MOTION FOR RELEASE PENDING APPEAL (ECF No. 57) because it is not possible to assess the merits of the Plea Withdrawal Motion without further briefing. So, for the sole purpose of deciding the MOTION FOR RELEASE PENDING APPEAL (ECF No. 57), the Court will assume that Uhuru has shown that there is a likelihood he will be granted a new trial, particularly because, as discussed below, Uhuru cannot meet the second prong for release.

  b. *Likely to Flee or Present Danger to Any Person or Community*

In addition to showing that there is a substantial likelihood the Court will grant a new trial, Uhuru must also

10

show by "clear and convincing evidence that [he] is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3142(a)(2)(B). The Magistrate Judge previously determined that Uhuru cannot meet this burden, ECF No. 12, but "[t]he district court reviews the original detention order de novo." United States v. Crump, No. 7:22-cr-16, 2022 WL 796702, at *2 (W.D. Va. Mar. 15, 2022). To determine whether Uhuru is likely to flee or poses a danger to any person or community, the Court shall consider (1) "the nature and circumstances of the offense charges," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person, including" personal characteristics, criminal history, and probation status at the time of the offense, and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g); see also United States v. Al-Timimi, No. 1:04-cr-385, 2020 WL 4810120, at *3 (E.D. Va. Aug. 18, 2020) ("Whether a defendant is likely to flee or pose a danger to others is typically evaluated by reference to the factors listed in 18 U.S.C. § 3142(g).").

The nature and circumstances of the offense involve the sale of over 115 grams of narcotics and 2 firearms, which is undoubtedly a serious offense. ECF No. 17 ¶¶ 2-6. Further, even

11

though Uhuru is asserting the legal defense of entrapment, the weight of evidence against him is strong, including statements made during the crime that implicated repeated drug trafficking activity, post-arrest statements concerning sources for various drugs, and a search of Uhuru's cell phone that revealed drug-related communications. ECF No. 59 at 63-67; ECF No. 62 at 4. The fact that there is strong evidence indicating that Uhuru was involved in the sale of narcotics and firearms suggests that he poses a danger to community.

As for Uhuru's criminal history, he has been convicted of failure to appear or a similar charge on three separate occasions, and he has previously violated probation or parole at least a dozen times. ECF No. 31 ¶¶ 33-56. In fact, he committed the current offense while on probation for state convictions. Id. ¶ 58. This record shows that no matter the combination of conditions of release imposed, the Court will not reasonably be able to assure Uhuru's appearance or the safety of any other person or the community. Uhuru has also admitted to using marijuana and unprescribed pills in the past. Id. ¶ 101. He also has a history of mental health issues, including multiple suicide attempts. Id. ¶¶ 95-98. Lastly, Uhuru is facing a Guidelines sentence between 92 and 115 months, and a maximum term of 20 years in prison, which is a significant sentence that

would make an individual more likely to flee. ECF No. 25 at 32. All of this information teaches that Uhuru must remain in custody pending resolution of his withdrawal motion.

Moreover, Uhuru has not presented "clear and convincing evidence that [he] is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3142(a)(2)(B). Uhuru contends that he is not a flight risk because he has strong ties to the Richmond community, having lived here for over twenty-three years, and that his mother and/or daughter, who is a state probation officer, are willing to serve as third-party custodians. ECF No. 57 at 4; ECF No. 60 at 9. That evidence is probative of the risk of flight issue, but it does not overcome the previously cited evidence that he is a serious flight risk.

In any event, Uhuru has not shown by clear and convincing evidence that he does not pose a threat to the community because he has shown on multiple occasions that he is willing to break the law while on probation, including by selling drugs and firearms to community members. Accordingly, the Court must deny the Motion under 18 U.S.C. § 3142(a)(2)(A)(ii).

## II. Release for Exceptional Circumstances

Uhuru argues that he should be released because of the exceptional circumstances provision of 18 U.S.C. § 3145(c). To do so, Uhuru must first establish that there is "clear and

13

convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(2)(B). For the reasons set forth above, Uhuru has not met the burden, so the exceptional circumstances provision of 18 U.S.C. § 3145(c) does not apply. But if Uhuru had met that burden, the district court is required to make an independent determination that the reasons to override a detention pursuant to statute are indeed exceptional. See United States v. Stewart, 19 Fed. Appx. 46 at *2 (4th Cir. 2001) (unpublished) (citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992)).

The Fourth Circuit has yet to define "exceptional" within the context of § 3145(c), but other circuit courts have defined the term as meaning "clearly out of the ordinary, uncommon, or rare," United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007), and "a unique combination of circumstances giving rise to situations that are out of the ordinary." United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004). Further, "[h]ardships that commonly result from imprisonment" do not qualify as exceptional circumstances. United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir 2003); see also United States v. Miller, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (concluding from case law that "mere personal reasons, including caring for a family or gainful

14

employment are not 'exceptional'"). The lack of additional context within the statute gives district courts broad discretion to determine what constitutes an exceptional circumstance while keeping the congressional policy decision to deny release to certain defendants pending sentencing at the forefront. See Lea, 360 F.3d at 403; Garcia, 340 F.3d at 1018-19.

Courts have found that serious injury or illness and aberrational criminal conduct may qualify as exceptional circumstances that warrant release. United States v. Garcia, 340 F.3d 1013, 1019-21 (9th Cir 2003). Alternatively, compliance with pretrial release terms, lack of a criminal history, gainful employment, and payment of child support do not qualify as exceptional circumstances. United States v. Larue, 478 F.3d 924, 925 (8th Cir. 2007); see also United States v. Nickell, 512 Fed. Appx. 660, 661 (8th Cir. 2013) (unpublished) (finding that caring for a child and gainful employment do not qualify as exceptional circumstances). Courts have found that medical problems are an exceptional circumstance in some cases while denying release under § 3145(c) based on medical issues in others. See United States v. Denmark, No. 1:19-cr-15, 2020 WL 1984306, at *7 (M.D. Penn. Apr. 27, 2020) (determining that diabetes and back pain are not sufficient medical conditions to

justify release); United States v. Williams, 903 F. Supp. 2d 292, 302 (M.D. Penn. 2012) (describing "time-sensitive surgeries" as a possible exceptional reason to warrant release).

Here, Uhuru argues that his exceptional circumstance that warrants release is his need for medical treatment to relieve the pain he experiences from the degenerative joint disorder in his lumbar spine, which Uhuru has suffered from for years. ECF No. 60 at 8. Uhuru conveyed to current counsel that he is "in a tremendous amount of pain and the medical staff won't help" him. Id. Uhuru's medical records disclose that he was prescribed Flexeril on October 11, 2022, to help with the pain, but Uhuru believes that the only relief for his pain is surgery, which the jail will apparently not provide. Id.

While significant pain may be an exceptional reason that would warrant release under § 3145(c), there is not enough information on the record to make a finding at this time. Uhuru was prescribed Flexeril on October 11, 2022, and complained about his pain to counsel only two days later. ECF No. 60 at 8. Accordingly, not enough time has passed for the medication to show results, so the Court declines to make a finding at this

time. Additionally, regardless of whether Uhuru's pain has improved or not, he has not provided clear and convincing evidence that he does not pose a danger to the community, so seeking additional information would be futile.

Accordingly, wholly apart from whether Uhuru has shown an exceptional circumstance, he has not met his burden to show he is not a danger to the community, so the Motion must be denied under § 3145(c).

## CONCLUSION

For the foregoing reasons, Uhuru's MOTION FOR RELEASE PENDING APPEAL (ECF No. 57) was denied.

The clerk is directed to send a copy of this MEMORANDUM OPINION to the Defendant, Jihad S. Uhuru. Pamunkey Regional Jail, Post Office Box 510, Hanover, Virginia 23069.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 14, 2022