THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                            Criminal No. 3:21cr145

JIHAD SHAHEED UHURU

**MEMORANDUM OPINION**

This matter is before the Court on the defendant's *pro se* Motion For Breach of Contract (the "MOTION") (ECF No. 102), the GOVERNMENT'S RESPONSE TO DEFENDANT'S LETTER AND PRO SE MOTION ALLEGING BREACH ON CONTRACT (ECF No. 111), and the Defendant's Reply to AUSA's Response to Defendant's Motion for Breach of Contract (ECF No. 112). For the reasons set forth below, the MOTION (ECF No. 102) will be denied.

**BACKGROUND**

Jihad Shaheed Uhuru ("Uhuru") was indicted on December 7, 2021, on six counts of distributing controlled substances in violation of 21 U.S.C. § 841(a)(1) and two counts of possessing a firearm after being convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1). On February 18, 2022, the defendant entered a plea of guilty to Count One, which charged him with distribution of cocaine base, commonly known as "crack," a Schedule II controlled substance. According to the Plea Agreement, Uhuru

agreed to plead guilty to Count One and, the Government agreed to "move to dismiss the remaining counts pending against [Uhuru] at the conclusion of [Uhuru's] sentencing hearing." ECF No. 18, ¶ 8. Further, under the Plea Agreement, the parties stipulated and agreed to recommend to the Court that certain guideline provisions should apply; that Uhuru had assisted the Government in the investigation and prosecution of the charges by timely notifying the authorities of his intention to enter a plea of guilty, thereby animating the Government's obligation to file for a third point of acceptance of responsibility under U.S.S.G. § 3E1.1(a); that the defendant's role in the offense did not "qualify for a mitigating role decrease . . . or an aggravating role increase. . . .;" and to recommend to the sentence of 96 months (within the advisory guideline range of 92-115 months). The United States further agreed that it would not criminally prosecute Uhuru in the Eastern District of Virginia for the specific conduct described in the Indictment or the Statement of Facts (ECF No. 18, ¶¶ 5 and 7).

The Government and Uhuru also entered into a separate, but related, Cooperation Agreement (ECF No. 111-1). The COOPERATION AGREEMENT provided <u>inter alia</u> that Uhuru would cooperate fully and truthfully with the United States and provide all information known to him about any criminal activity and that he would agree to testify truthfully and completely at any grand jury, trials, or other proceedings and to other conditions. The COOPERATION

AGREEMENT contained a section entitled "Motion for a Downward Departure" which states:

> The parties agree that the United States reserves the right to seek any departure from the applicable guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

(ECF No. 111-1, pp. 3-4).

Further, the COOPERATION AGREEMENT provided that the United States would be released from its obligations under both the Cooperation Agreement and the Plea Agreement if Uhuru "withdraws from this Cooperation Agreement or the Plea Agreement or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives material false, incomplete or misleading testimony or information, or otherwise violates any provisions of this Cooperation Agreement." (ECF No. 111-1, ¶ 6). That section also contained a provision that read as follows:

> Any alleged breach of this Cooperation Agreement by any party shall be determined by the Court in an appropriate proceeding in which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the Cooperation Agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on 'substantial assistance' as that

3

>             phrase is used in Rule 35(b) of the Federal
>             Rules of Criminal Procedure and Section 5K1.1
>             of the Sentencing Guidelines and Policy
>             Statements.  The defendant agrees that the
>             decision whether to file such a motion rests
>             in the sole discretion of the United States.

Following entry of the guilty plea, Uhuru was debriefed by law enforcement agents of the United States.

Thereafter, Uhuru attempted to withdraw his guilty plea; and, during the course of that process, he accused his counsel of telling him to lie during the plea colloquy; and he claimed that he was taking mind-altering drugs at the time he entered the plea of guilty (the same day he debriefed with the law enforcement agents).  The Court held an evidentiary hearing.  Uhuru testified as did his former counsel who testified that she did not ever tell Uhuru to lie.  She explained that she had advised Uhuru that he would not be able to make a threshold showing necessary to raise his defense of entrapment (about which the defendant had inquired); and that she had no recollection of Uhuru taking any prescribed medications at the time of the plea or of the defendant telling her that he was taking prescribed medications.

When Uhuru was debriefed (on the day that he entered the guilty plea), he did identify certain people whom he thought to be drug traffickers in the Richmond area.  Those people, however, were already known as drug traffickers in the area and the evidence is that Uhuru did not provide sufficient information to assist in

4

any investigation or prosecution of any of those people whom he had identified as likely drug traffickers. Uhuru also provided information about a homicide and the location of an object used in the homicide. The law enforcement agents were unable to find the object involved at the specific location Uhuru provided. Uhuru also testified for the Commonwealth of Virginia at the homicide trial.

However, law enforcement agents did not further seek Uhuru's continued cooperation after he had attempted to withdraw his plea because, in that process, Uhuru had testified under oath contrary to the information known to the law enforcement agents. In short, Uhuru's lies under oath rendered his cooperation useless.

The MOTION is rife with flowery language and citations to various and sundry cases. However, the nub of the MOTION seems to be that:

> the defendant knew that there was an agreement that he would have to acknowledge and uphold if he was called upon to testify at his sentencing or any other proceeding. And, once this was done, the Prosecuting Assistant United States Attorney, Olivia L. Norman, would submit a motion for a decrease in sentence. This was a stipulation that was verbally told to former counsel, Laura J. Koenig, as well as current counsel, Gregory R. Sheldon.

(ECF No. 102, pp. 2-3). Then follows the assertion that "[t]he Government never filed a motion under Rule 35(b) for a reduction

5

as stated to toll the one-year time limit imposed by that Rule." (ECF No. 102, p. 3).

The United States was never able to use any information provided by Uhuru respecting drug trafficking, but, as explained above, Uhuru did testify in a state murder trial. After explaining the circumstances of that testimony, Uhuru argues that "[t]his is proof the defendant abided by the terms outlined in the plea agreement. And now, the Assistant United States attorney is willfully holding back her promise on submitting this motion [reduction of sentence]." (ECF No. 102, pp. 4-5).

In his reply brief (ECF No. 112), Uhuru advises that he:

> won't argue against the way the AUSA has summed the timeline of the defendant's case-up in her opposition motion. . . . The violation in breach of contract.

(ECF No. 112, p. 2). In other words, Uhuru acknowledges the accuracy of the statement of facts presented by the Government in opposing the MOTION. In support of the reply brief, Uhuru attached an email from his lawyer, Greg Sheldon, (ECF No. 112-1). In that email, Sheldon says "[t]here is no plea agreement obligating the Government to file a Rule 35(b) motion." The email goes on to say: "[t]he Government has not obligated itself to file any reduction; the Cooperation Agreement specifically says that." In that email, Sheldon goes on to advise that "[w]hile I believe the Government ultimately will [file a motion for sentence reduction],

6

there is an argument to be made that Mr. Uhuru breached his plea agreement when he attempted to withdraw his plea." In conclusion, Sheldon advised:

> Mr. Uhuru's plea agreement was for a set sentence of 96 months. The Government and court honored this agreement, despite the fact that he tried to withdraw from it, represented himself for a period of time, and made a series of allegations that he was under the influence when he pleaded guilty and that he was coerced into committing these crimes. As I said above, he is fortunate the plea agreement was honored.

(ECF No. 112-1). The statements in that email and the inferences reasonably to be drawn therefrom can be considered in deciding the MOTION because Uhuru attached it as part of his submission to the Court by which he seeks to have the Court resolve the MOTION.

## DISCUSSION

It is settled that, in the interpretation of plea agreements, courts are to "draw upon contract law as a guide to ensure that each party receives the benefit of the bargain, and to that end [courts] enforce a plea agreement's plain language in its ordinary sense." United States v. Warner, 820 F.3d 678, 683 (4th Cir. 2016) (cleaned up). As the Government correctly argues:

> It is settled in this circuit that a court may grant a downward departure in the absence of a Government motion only if (i) the government has obligated itself in a plea agreement to move for a departure, or (ii) the government's refusal to move for departure was based on an unconstitutional motive.

7

(ECF No. 111, p. 6) (citing United States v. Saunders, 226 F. Supp.2d 796 (E.D. Va 2002)) (additional citations omitted). And, it is settled as well that the defendant bears the burden of proving the breach of a plea obligation by preponderance of the evidence. United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994). And, an evidentiary hearing is not necessary unless there is a substantial threshold showing that the Government was obligated to make such a motion or that some unconstitutional motive was involved.

The Plea Agreement itself does not mention cooperation. That topic is addressed in the separate, but related, COOPERATION AGREEMENT (ECF No. 111-1) in which Uhuru agrees to provide cooperation. Paragraph 5 of that document is entitled Motion for a Downward Departure and it provides quite clearly that:

> "the parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rul3 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate."

So, according to basic contract principles, the agreement does not obligate the United States to move either for a departure under the Guidelines or for sentence reduction under Rule 35(b).

The question then becomes whether the record contains some showing that the Government's refusal for a departure was based on an unconstitutional motive. Here, there is no such showing, threshold or otherwise. Although the MOTION alleges that the "breach that has occurred [sic] due to the Assistant United States Attorney (hereinafter AUSA) showing bad faith and unconstitutional motive towards the upholding of the plea agreement," (ECF No. 102, p. 1) there is not one scintilla of evidence of a constitutional violation in the remaining eight pages of the MOTION. In other words, there is a conclusory allegation of an unconstitutional motive and that simply is insufficient to animate a ruling in Uhuru's favor.

## CONCLUSION

For the foregoing reasons, the defendant's *pro se* Motion For Breach of Contract (ECF No. 102) will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to the defendant.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 3, 2025

9